IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**T.R., Individually and as Parent
and Next of Friend of K.R.**                                                                **PLAINTIFF**

v.                                Case No. 4:20-cv-000735-KGB

**RUSSELLVILLE SCHOOL DISTRICT
and MARK GOTCHER**                                                                    **DEFENDANTS**

## ORDER

Plaintiff T.R., individually and as parent and next friend of K.R., initiated this lawsuit against defendants Russellville School District ("District") and Mark Gotcher on June 11, 2020 (Dkt. No. 1). T.R. seeks attorneys' fees and costs associated with a due process complaint filed pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400, *et seq.* (*Id.*, ¶ 1). T.R. further claims that the District and Mr. Gotcher retaliated against her and K.R. in violation of § 504 of the Rehabilitation Act, 29 U.S.C. § 794; Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131, *et seq.*; and the First and Fourteenth Amendments of the United States Constitution (*Id.*, ¶¶ 3–4).

Before the Court is defendants' motion to dismiss Counts I, IV, and V of T.R.'s complaint (Dkt. No. 7). T.R. responded in opposition to defendants' motion, and defendants filed a motion for leave to reply (Dkt. No. 18). For good cause shown, the Court grants defendants' motion for leave to reply (Dkt. No 18). The Court considers defendants' reply in support of motion to dismiss in deciding the instant motion; the Court understands defendants to have filed already their proposed reply (Dkt. No. 19). For the following reasons, the Court grants defendants' motion to dismiss Counts I, IV, and V of T.R.'s complaint (Dkt. No. 7).

I.      **Background**

On September 23, 2019, the Arkansas Department of Education ("ADE") received T.R.'s written request to initiate due process hearing procedures on behalf of K.R. (*Id.*, at 24). The hearing officer issued a final order on March 10, 2020 (*Id.*, ¶ 1). According to T.R., the hearing officer found that K.R.'s individualized education program ("IEP") was inappropriate and that the District denied K.R. a free appropriate public education ("FAPE") between March 14, 2019, and September 23, 2019 (*Id.*). T.R. therefore claims in Count I of her complaint that she is the prevailing party in an action or proceeding under the IDEA and may be awarded reasonable attorneys' fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B)(i) (*Id.*, ¶ 11). T.R. further alleges that the District's time to appeal the hearing officer's order expired on June 8, 2020, that no appeal has been filed, and that T.R.'s claim for attorneys' fees and costs is ripe (*Id.*, ¶ 12).

In Counts II and III of her complaint, T.R. alleges that the District acted in bad faith and with deliberate indifference to the IDEA rights of K.R., who is a qualified individual with a disability (*Id.*, ¶¶ 15, 18, 19). T.R. alleges, among other things, that the District spanked K.R. and used a seclusion room to discipline K.R. (*Id.*, ¶¶ 23, 28). T.R. claims that, as a result of the District's actions, the District failed to provide K.R. with reasonable accommodations so that he could stay in the regular educational classroom as required by the IDEA's least restrictive environment ("LRE") requirement (*Id.*, ¶ 37).

In Count IV of her complaint, T.R. alleges that she engaged in protected activity by asserting her and K.R.'s rights under the IDEA, § 504 of the Rehabilitation Act, Title II of the ADA, and Arkansas law, and that the District retaliated against T.R. and K.R. (*Id.*, ¶ 41). T.R. alleges that her protected activity included attending IEP meetings, communicating with District personnel, and advocating on K.R.'s behalf to secure his rights under federal law (*Id.*, ¶ 43). T.R.

alleges that the District retaliated against her and K.R. in the following ways:  deciding not to inform T.R. of the physical restraint of K.R. (*Id.*, ¶ 44); adopting *ad hoc* policies only applicable to T.R. intended to prevent T.R. from visiting K.R.'s school or classroom (*Id.*, ¶ 45); ignoring and denying T.R.'s procedural rights under the IDEA and denying her the meaningful opportunity to participate in the decision-making process regarding the provision of a FAPE to K.R. (*Id.* ¶ 46); secluding K.R. over T.R.'s objection in violation of ADE rules governing seclusion (*Id.* ¶ 47); and refusing to acknowledge the regular education classroom as K.R.'s stay put placement pursuant to 20 U.S.C. § 1415(j) (*Id.*, ¶ 48).  T.R. alleges that the District's retaliation has continued and is ongoing (*Id.* ¶ 50).  T.R. therefore represents that she has filed a second due process complaint pertaining to events occurring after September 23, 2019, and reserves the right to supplement the complaint after seeking relief available under the IDEA (*Id.*).

In Count V of her complaint, T.R. alleges that Mr. Gotcher retaliated against T.R. and K.R. in violation of their rights pursuant to the First and Fourteenth Amendments of the United States Constitution (*Id.*, ¶ 54).  T.R. alleges that Mr. Gotcher ordered or ratified the unlawful retaliation by the District described in Count IV and that, after T.R. filed her first due process complaint against the District, Mr. Gotcher continued to order or ratify unlawful retaliation against T.R. for her protected activity (*Id.*, ¶¶ 55–56).  T.R. alleges that Mr. Gotcher ordered or ratified the following retaliatory actions:  the District's decision to violate stay put and other procedural requirements of the IDEA (*Id.*, ¶ 57); the District's decision to keep K.R. in the alternative learning environment ("ALE") while T.R.'s first due process complaint was pending, in violation of the IDEA (*Id.*, ¶ 58); the District's Special Education Director's representations to T.R. that the District could not change K.R.'s placement while T.R.'s first due process complaint was pending (*Id.*, ¶ 60); imposing conditions on T.R. not required of other District parents, such as prohibiting

T.R. from visiting and observing K.R. in the classroom in violation of Arkansas law (*Id.*, ¶ 66); requiring an administrator to be present at K.R.'s parent-teacher conferences to prevent the classroom teacher from openly speaking with T.R. regarding the provision of a FAPE to K.R. (*Id.*, ¶ 71); prohibiting T.R. from examining K.R.'s records until she arrived at a resolution conference on T.R.'s first due process complaint (*Id.*, ¶ 72); and preventing T.R. from learning information regarding the provision of a FAPE (*Id.*, ¶¶ 74–75). T.R. alleges that Mr. Gotcher's retaliation has continued and is ongoing (*Id.*, ¶ 79).

On June 8, 2020, the District filed a complaint before this Court in *Russellville School District v. T.R.*, Case No. 4:20-cv-00722-KGB, seeking review of the findings and decision of the hearing officer in T.R.'s due process hearing (Dkt. No. 1, ¶ 1, in Case No. 4:20-cv-00722-KGB). T.R. filed an answer and counterclaim on September 22, 2020 (Dkt. No. 4, in Case No. 4:20-cv-722-KGB).

On July 8, 2020, defendants filed the instant motion to dismiss Counts I, IV, and V of T.R.'s complaint (Dkt. No. 7). Defendants argue that Count I should be dismissed because T.R.'s claim for fees and costs as the prevailing party in the IDEA administrative hearing is not ripe (*Id.*, at 1). Defendants next argue that Counts IV and V should be dismissed because T.R. has failed to exhaust her claims under the IDEA (*Id.*, at 1–2). Finally, defendants argue that T.R.'s retaliation claims based on violations of the IDEA are unavailable under 42 U.S.C. § 1983 and should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (*Id.*, at 2). Defendants attach to their brief a copy of T.R.'s second due process complaint filed in the ADE Special Education Division (Dkt. No. 8-1).

## II.         Legal Standard

### A.         Rule 12(b)(1) Standard

A motion to dismiss under Rule 12(b)(1) challenges the court's subject-matter jurisdiction over the case. *See Johnson v. United States*, 534 F.3d 958, 964 (8th Cir. 2008). Here, plaintiffs, as the parties seeking to establish federal jurisdiction, bear the burden of establishing, by a preponderance of the evidence, that jurisdiction exists. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006); *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

In deciding a motion to dismiss for lack of subject-matter jurisdiction, the district court must distinguish between a "facial attack" and a "factual attack" on jurisdiction. *See Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016). Where a party brings a facial attack, "the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (citations omitted). "In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." *Id.* (citations omitted).

### B.         Rule 12(b)(6) Standard

A Rule 12(b)(6) motion tests the legal sufficiency of the claim or claims stated in the complaint. *See Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although a complaint "does

not need detailed factual allegations" to survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Stated differently, the allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

A court considering a motion to dismiss must accept as true all well-pleaded facts in the complaint and draw all reasonable inferences from those facts in favor of the non-moving party. *See Farm Credit Servs. of Am., FLCA v. Haun*, 734 F.3d 800, 804 (8th Cir. 2013); *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005); *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 914 (8th Cir. 2001).  However, a court need not credit conclusory allegations or "naked assertion[s] devoid of further factual enhancement." *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768 (8th Cir. 2012) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).  Finally, a court ruling on a motion to dismiss under Rule 12(b)(6) may consider documents or exhibits attached to a complaint, as well as matters of public and administrative record referenced in the complaint.  *See Owen v. Gen. Motors Corp.*, 533 F.3d 913, 918 (8th Cir. 2008); *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1244 (8th Cir. 2006).

In short, "[a] complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

### III.     Analysis

#### A.     Attorneys' Fees And Costs

Defendants argue that Count I of T.R.'s complaint seeking attorneys' fees and costs should be dismissed or, alternatively, stayed pending the resolution of *Russellville School District v. T.R.*, Case No. 4:20-cv-00722-KGB (Dkt. No. 8, at 3).  Defendants argue that the hearing officer's

decision is not final and will not be a judicially sanctioned opinion until this Court reaches a final determination in the District's appeal (*Id.*, at 4). T.R. responds that the District's appeal is ineffective until T.R. has been served (Dkt. No. 15, at 8). T.R. further argues that the Court should decide the District's appeal and T.R.'s prevailing party status at the same time (*Id.*, at 9). T.R. further represents that she agrees not to move for attorneys' fees and costs until after resolution of the District's appeal (*Id.*, at 8). Additionally, since T.R. filed her response to defendants' motion to dismiss, T.R. filed an answer and counterclaim in Case No. 4:20-cv-00722-KGB. Considering the arguments of the parties and the posture of the proceedings before this Court, the Court grants defendants' motion to the extent that defendants seek to stay T.R.'s claim for attorneys' fees and costs pending resolution of the District's appeal in Case No. 4:20-cv-00722-KGB. The Court will consider the claims in Count I of T.R.'s complaint following resolution of the District's appeal of the hearing officer's final decision and order.

### B.     Retaliation

Defendants argue that T.R.'s retaliation claims in Counts IV and V of her complaint must be dismissed because T.R. failed to exhaust her administrative remedies under the IDEA (Dkt. No. 8, at 5). T.R. argues in response that § 504, Title II, and § 1983 do not mandate the exhaustion of any administrative remedies (Dkt. No. 15, at 11).

The relevant provision of the IDEA provides that, before the filing of a civil action under the ADA, Rehabilitation Act, or "other Federal laws protecting the rights of children with disabilities," where the civil action seeks "relief that is also available under this subchapter [of the IDEA], the procedures under subchapters (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter." 20 U.S.C. § 1415(l). To determine whether a complaint seeks relief that is also available under the IDEA, and thus whether a complaint is subject to the IDEA's exhaustion requirement, "a court should look to the substance,

7

or gravamen, of the plaintiff's complaint." *Fry v. Napoleon Comm. Schs.*, --- U.S. ---, 137 S. Ct. 743, 752 (2017).

The parties agree that two hypothetical questions from the Supreme Court's decision in *Fry* are relevant to this Court's analysis (Dkt. No. 8, at 7; Dkt. No. 15, at 19–20). In *Fry*, the Supreme Court offered the following hypothetical questions for courts to ask in determining whether a complaint seeks relief available under the IDEA:

> First, could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was *not* a school—say, a public theater or library? And second, could an *adult* at the school—say, an employee or visitor—have pressed essentially the same grievance?

137 S. Ct. at 756. If the answer to both questions is yes, then the IDEA's exhaustion requirements likely do not apply. *Id.*

The Eighth Circuit further analyzed the IDEA's exhaustion requirement in *J.M. v. Francis Howell School District*, 850 F.3d 944 (8th Cir. 2017). In *J.M.*, the court framed the analysis in terms of "whether the complaint is based on the District's denial of a FAPE." *Id.*, at 948. The court concluded that the complaint alleged the denial of a FAPE, even though the complaint did not explicitly claim violations of the IDEA, because the complaint alleged that a defendant repeatedly and consistently violated the plaintiff's rights by using isolation and restraint on the student which were not permitted within his IEPs. *Id.* at 949–50. The complaint demonstrated that the student's injuries were "education-related" because the plaintiff alleged the school district "used isolation and restraint *as a disciplinary tool*[.]" *Id.* at 949 (emphasis in original). The court also recognized that "the history of the proceedings" informed the court's analysis and that the plaintiff's inclusion of claims under the IDEA in an earlier version of her complaint indicated that the gravamen of the suit was the denial of a FAPE. *Id.* The court further rejected the argument that a complaint is not subject to exhaustion if it seeks relief unavailable under the IDEA, such as

8

compensatory and punitive damages. Instead, the Court recognized that "the IDEA's exhaustion requirement remains the general rule, regardless of whether the administrative process offers the particular type of relief that is being sought." *Id.* at 950 (quoting *J.B. ex rel. Bailey v. Avilla R-XIII Sch. Dist.*, 721 F.3d 588, 595 (8th Cir. 2013)).

This Court analyzes the allegations in T.R.'s complaint to determine whether the gravamen of her complaint is the violation of the IDEA's guarantee of a FAPE. T.R. claims in Count IV of her complaint that the District retaliated against her and K.R. after T.R. "engaged in protected activity . . . by asserting their rights under the IDEA and §504/Title II" (Dkt. No. 1, ¶ 41). T.R. alleges that her protected activity included posting on social media about the District's failure to discipline the teacher who unlawfully spanked K.R., attending IEP meetings, communicating with District personnel, advocating on K.R.'s behalf to secure his rights under federal law, and in particular objecting to the District's use of seclusion and restraints as a part of managing K.R.'s behavior (*Id.*, ¶¶ 43, 43). T.R. further alleges, among other things, that the District retaliated against T.R. and K.R. by "ignoring Parent's procedural rights under the IDEA and denying Parent her right [to] a meaningful opportunity to participate in the decisionmaking process regarding the provision of a FAPE to Student" and by "refusing to acknowledge the regular education classroom as Student's stay put placement" under 20 U.S.C. § 1415(j) (*Id.*, ¶¶ 46, 48). On the basis of T.R.'s allegations in her complaint, she directly alleges injury as a result of the alleged denial of a FAPE and explicitly references provisions of the IDEA to support her claims.

T.R. claims in Count V that Mr. Gotcher retaliated against T.R. and K.R. in violation of their First and Fourteenth Amendment rights. T.R. alleges that Mr. Gotcher ordered or ratified the retaliation described in Count IV and that he continued to order or ratify unlawful retaliation after T.R. filed her first due process complaint (*Id.*, ¶¶ 55–56). T.R. alleges, among other things, that

Mr. Gotcher "ordered and/or ratified the District's decision to violate stay put and other procedural requirements of the IDEA and provided special education, related services, supplementary aides and services, modifications and/or accommodations *not* included on Student's then-current IEP (the August 26, 2019 IEP)" (*Id.*, ¶ 57).  T.R. further alleges that Mr. Gotcher ordered or ratified an unlawful predetermination in violation of the IDEA and that Mr. Gotcher and the District misled T.R. for the purpose of allowing the District to make unilateral changes to K.R.'s IEP and to prevent T.R. from learning the extent the District was using seclusion and restraints to address K.R.'s maladaptive behavior (*Id.*, ¶¶ 58, 60).  T.R. alleges that the District has not provided her with a written document to amend or modify K.R.'s IEP as required by the IDEA and, as a result, does not know what changes the District has actually made to K.R.'s IEP (*Id.*, ¶ 62).  On the basis of T.R.'s allegations, taken as a whole, T.R. could not have brought essentially the same claim if the alleged conduct had occurred at another public facility, and an employee or visitor of the school could not have pressed essentially the same grievance.

The history of the proceedings further informs the Court's analysis.  "[A] court may consider that a plaintiff has previously invoked the IDEA's formal procedures to handle the dispute—thus starting to exhaust the Act's remedies before switching midstream." *Fry*, 137 S. Ct. 757.  T.R. represents that she has filed a second due process complaint pertaining to events occurring after September 23, 2019, and that she reserves the right to supplement her complaint after seeking relief available under the IDEA (Dkt. No. 1, ¶ 50).  The District attaches T.R.'s second due process complaint to its motion to dismiss, and the Court considers T.R.'s second due process complaint as a matter of public and administrative record referenced in T.R.'s complaint (Dkt. No. 8-1).  *See Owen*, 533 F.3d at 918.  T.R. in her second due process complaint makes allegations which are substantially similar to allegations in her complaint before the Court.  For

10

example, T.R. claims in both her complaint before the Court and in her second due process complaint that the District changed K.R.'s programming and placement without an IEP meeting with T.R. present (Dkt. No. 1, ¶¶ 46, 57; Dkt. No. 8-1, ¶¶ 27–28). Other allegations in T.R.'s second due process complaint appear almost verbatim in T.R.'s complaint before the Court (Dkt. No. 1, ¶¶ 61–63, 69–71; Dkt. No. 8-1, ¶¶ 31–33, 39–41). T.R. further claims in her second due process complaint that the District's conduct may also constitute disability discrimination in violation of § 504 of the Rehabilitation Act and Title II of the ADA and that T.R. should be found to have exhausted her administrative remedies as required by 20 U.S.C. § 1415(l). The similarity between the allegations and claims in T.R.'s second due process complaint and in her complaint before the Court further indicate that the gravamen of T.R.'s complaint before the Court is the denial of a FAPE.

For these reasons, the Court concludes that T.R.'s claims in Counts IV and V of her complaint are based on the District's denial of a FAPE. T.R. must therefore exhaust these claims pursuant to 20 U.S.C. § 1415(l).

T.R. refers to *K.G. by and through Gosch v. Sgt. Bluff-Luton Community School District*, 244 F. Supp. 3d 904 (N.D. Iowa 2017), as "[t]he most analogous case within the Eighth Circuit" (Dkt. No. 15, at 21). In *K.G.*, the court found that the gravamen of the plaintiff's complaint did not involve a violation of the IDEA because the complaint included only one paragraph alleging violation of the student's IEP under the IDEA, and the allegation was used to demonstrate that a defendant's use of force against the student was unreasonable. 244 F. Supp. 3d at 921. Here, in contrast, T.R.'s allegations of defendants' denial of a FAPE to K.R. are central to T.R.'s retaliation claims. Indeed, T.R.'s complaint contains several references to K.R.'s rights under the IDEA (Dkt.

11

No. 1, ¶¶ 41, 43, 44, 46, 48, 50, 57–63, 66, 71, 72, 74–76). Accordingly, the Court does not find *K.G.* persuasive in the context of this case.

T.R. argues that she has already exhausted her IDEA administrative remedies as to acts or omissions of the District occurring before September 24, 2019 (Dkt. No. 15, at 16). T.R. further argues that she was not required to raise her retaliation claims in her IDEA due process complaint and that, nevertheless, she did litigate facts at the due process hearing relevant to her retaliation claims (*Id.*, at 16–17). However, this Court has already found that T.R. was required to raise her retaliation claims because they concern the denial of a FAPE. Further, on review of the hearing officer's final decision and order, T.R. did not exhaust any claims relating to Title II of the ADA, 42 U.S.C. § 1983, or retaliation. Instead, the issues before the hearing officer included whether the District failed to conduct an appropriate speech evaluation for K.R., failed to consider outside evaluations provided by T.R., failed to afford T.R. meaningful participation in K.R.'s education, and failed to provide IEPs addressing K.R.'s ongoing behavior issues (Dkt. No. 1, at 23). The hearing officer dismissed without prejudice "any non-IDEA claims made in Parent's due process complaint, such as claims brought pursuant to Section 504 of the Rehabilitation Act" (*Id.*, at 63). However, T.R. does not allege in her complaint or otherwise argue that she properly raised her retaliation claims before the hearing officer, and nothing in the record before the Court indicates that she did. Accordingly, the Court concludes that T.R. has not exhausted her retaliation claims as the IDEA requires, reviewing her allegations as a whole with respect to these claims.

T.R. further argues that, even if subject to exhaustion, her "retaliation claims fall into the futility/adequate relief exceptions to exhaustion" (Dkt. No. 15, at 24). The Eighth Circuit explained in *J.M. v. Francis Howell School District*, 850 F.3d 944 (8th Cir. 2017), that "futility" and "inability of the administrative remedies to provide adequate relief" are two of the three

exceptions to the exhaustion requirement. 850 F.3d at 950. "A court deciding whether to waive exhaustion should be guided by the policies underlying the exhaustion requirement." *Id.* (quotations omitted). T.R. argues that none of the purposes underlying exhaustion are served by requiring exhaustion of her retaliation claims because the hearing officer has no jurisdiction to correct the District's alleged retaliation and the hearing officer would not compile a record relevant to T.R.'s retaliation claims (Dkt. No. 15, at 26). The Eighth Circuit has explained that, "[a]lthough the administrative process may not address all claims, this court has held exhaustion is not futile because it would allow 'the agency to develop the record for judicial review and apply its expertise' to the plaintiff's 'claims to the extent those claims are related to implementation' of the IEP." *J.M.*, 850 F.3d at 951 (quoting *J.B.*, 721 at 595). Accordingly, the Court rejects T.R.'s argument that exhaustion would be futile. Further, because "the IDEA's exhaustion requirement remains the general rule, regardless of whether the administrative process offers the particular type of relief being sought," the Court rejects T.R.'s argument that exhaustion does not apply due to the inability of administrative remedies to provide relief. *J.B.*, 721 F.3d at 595; *see also J.M.*, 850 F.3d at 951 (rejecting similar argument).

The District further argues that T.R. fails to state a claim for retaliation against Mr. Gotcher (Dkt. No. 8, at 12). Because the Court concludes that T.R. has not exhausted her retaliation claims, the Court need not determine whether T.R. fails to state a claim for retaliation.

### IV.   Conclusion

For the foregoing reasons, the Court grants defendants' motion to dismiss, stays consideration of Count I of T.R.'s complaint, and dismisses without prejudice Counts IV and V of T.R.'s complaint (Dkt. No. 7).

It is so ordered this 25th day of March, 2021.

                                                    _____
                                                    Kristine G. Baker
                                                    United States District Judge